**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

DEANTWAN M. ALLEN, SR.,

              Plaintiff,

      v.

OFFICER MCDANIEL,

              Defendant.

CIVIL ACTION NO.: 6:19-cv-54

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: Plaintiff's monetary damages claims against Defendant McDaniel in his official capacity.  Additionally, the Court should **DENY** Plaintiff's request for a temporary restraining order or preliminary injunctive relief.  However, I **FIND** that one of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of Plaintiff's excessive force claims against Defendant McDaniel in his individual capacity.

### PLAINTIFF'S CLAIMS[1]

On January 30, 2019, Plaintiff alleges Defendant McDaniel, while making his nightly dinner rounds, initially refused to serve him dinner.  Doc. 1 at 5.  Plaintiff then began protesting Defendant McDaniel's refusal to serve him.  Id.  Defendant McDaniel went to the outside of

---

[1]     All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff's cell and began slamming Plaintiff's hand in the cell door's tray flap, causing Plaintiff to scream.  Id.  Seargent Beecher and Officer Gurien, who are not named as Defendants in this action, took Plaintiff to medical where pictures were taken of his injuries.  Id.  Plaintiff seeks preliminary and permanent injunctions against Defendant McDaniel, as well as compensatory and punitive damages and court costs.  Id. at 6.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not"

suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.      Plaintiff's Official Capacity Claims Against Defendant McDaniel

It is unclear in what capacity Plaintiff is suing Defendant McDaniel.  Doc. 1 at 4.

However, Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendant in his

official capacity.  States are immune from private suits pursuant to the Eleventh Amendment and

traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).

Because a lawsuit against a state officer in his official capacity is "no different from a suit

against the [s]tate itself," such a defendant is immune from suit under § 1983.  Id. at 71.  Here,

the State of Georgia would be the real party in interest in a suit against Defendant in his official

capacity as an employee and officer of the Georgia Department of Corrections.  Accordingly, the

Eleventh Amendment immunizes this actor from suit for monetary damages in his official

capacity.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Absent a waiver of that

immunity, Plaintiff cannot sustain any constitutional claims for monetary damages against

Defendant McDaniel in his official capacity.  Section 1983 does not abrogate the well-

established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State

Police, 491 U.S. 58, 67 (1989).  However, to the extent Plaintiff successfully states a

constitutional claim, he may seek injunctive relief against Defendant McDaniel in his official

capacity.  Ex parte Young, 209 U.S. 123, 148–50 (1908).  Therefore, the Court should **DISMISS**

Plaintiff's § 1983 claims for monetary relief against Defendant McDaniel in his official capacity.

## II.     Preliminary Injunction

Plaintiff also seeks a preliminary injunction against Defendant McDaniel, ordering him to refrain from physical violence.  Doc. 1 at 6.  To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).  If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation."  Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982).  Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion.  See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989).  In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time. At this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims. Moreover, Plaintiff fails to show that injunctive relief is necessary to prevent irreparable injury. This is not to say that Plaintiff will not eventually be able to obtain injunctive relief, merely that the Court will not interfere at this time on the facts before it. Accordingly, the Court should **DENY** Plaintiff's request for a temporary restraining order or preliminary injunctive relief.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's monetary damages claims against Defendant McDaniel in his official capacity. Additionally, the Court should **DENY** Plaintiff's request for a temporary restraining order or preliminary injunctive relief. However, I **FIND** that one of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's excessive force claims against Defendant McDaniel in his individual capacity.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in

objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 15th day of April, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA