
*FILED*
*John E. Triplett, Acting Clerk*
*United States District Court*

*By casbell at 2:04 pm, Jul 07, 2020*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

DEANTWAN M. ALLEN, SR.,

    Plaintiff,

v.

OFFICER MCDANIEL,

    Defendant.

CIVIL ACTION NO.: 6:19-cv-54

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's failure to comply with the Court's June 27, 2019, April 15, 2020, and June 5, 2020 Orders. Docs. 4, 9, 14. For the reasons that follow, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Orders, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

Plaintiff submitted a 42 U.S.C. § 1983 Complaint in which he alleges Defendant McDaniel violated his constitutional rights. Doc. 1. On June 27, 2019, the Court issued an Order allowing Plaintiff to proceed *in forma pauperis* in this case. Doc. 4. In that Order, the Court directed Plaintiff to immediately inform the Court in writing of any change of address and warned him that failure to do so would result in the dismissal of his case. Id. at 3.

The Court then conducted the requisite frivolity review of Plaintiff's Complaint, recommended certain of Plaintiff's claims be dismissed, and directed service of the remaining portions of Plaintiff's Complaint. Docs. 8, 9. In its service Order, the Court again informed Plaintiff of his obligation to keep the Court apprised of his current address and again warned him that failure to do so may result in dismissal. Doc. 9 at 3. On May 7, 2020, the Court adopted the Report and Recommendation and mailed a copy of this Order to Plaintiff at his most recent address. Doc. 10. However, that Order was returned to the Court as undeliverable with the notations: "Return to Sender, Refused, Unable to Forward." Doc. 11.

On June 5, 2020, the Court directed Plaintiff to show cause, within 14 days of the date of the Order, why his Complaint should not be dismissed. Doc. 14. A copy of the Court's June 5, 2020 Order was mailed to Plaintiff at his most recent address. However, that Order was also returned to the Court as undeliverable with the notations: "Return to Sender, Not Deliverable as Addressed, Unable to Forward." Doc. 15. The deadline for Plaintiff to show cause and respond to the Court's Order has now passed.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without**

**prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

I.   **Dismissal for Failure to Follow This Court's Orders**

A district court may dismiss claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). "A district court may *sua sponte* dismiss an action under [Rule] 41(b) for failing to comply with a court order." Muhammad v. Muhammad, 561 F. App'x 834, 836 (11th Cir. 2014); see also Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir. 2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action for failure to comply with the Rules or any court order."); Coleman, 433 F. App'x at 718; Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b))); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice . . . [based on w]illful disobedience or neglect of any order of the Court[.]")

A district court's "power to dismiss an action is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown, 205 F. App'x at 802 (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)). Notably, "the court [is] entitled to consider . . . the long pattern of conduct which amounted to . . . several failures by plaintiffs to obey court rules and orders." Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983); Brown, 205 F. App'x at 802–03 (finding no error in dismissing without prejudice for

failure to comply with a court order when plaintiff was warned that failure to comply with the order would result in dismissal and was "given two opportunities to amend his complaint according to the court's specific instructions" but "failed to do so"). Moreover, "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" Brown, 205 F. App'x at 802 (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. Harrison v. Miller, No. 1:08-cv-2096, 2009 WL 2044662, at * 2 (N.D. Ga. Jul. 9, 2009) (dismissing without prejudice where pro se plaintiff failed to keep the court informed of his current address); see also Gilbert v. Daniels, 725 F. App'x 789, 791–93 (11th Cir. 2018) (finding the district court did not abuse discretion in denying plaintiff's motion for post-judgment relief, where initial judgment was a result of plaintiff's own failure to keep court informed of his current address).

Plaintiff failed to follow this Court's Orders or to otherwise keep the Court apprised of his current address, despite having been forewarned his failure to do so may result in dismissal. Doc. 4 at 3; Doc. 9 at 3; Doc. 14. Thus, the Court should **DISMISS without prejudice** Plaintiff's Complaint, doc.1, for failure to follow this Court's Orders and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

II.   **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Orders, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Orders, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or

review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  It is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff only at his last known address and Defendant.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of July, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA